## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

JODI M. BONSER,

      Plaintiff,

v.

WASTE CONNECTIONS OF COLORADO, INC.,

      Defendant.

---

### DEFENDANT'S NOTICE OF REMOVAL

---

COMES NOW, Defendant Waste Connections of Colorado, Inc. ("Waste Connections"), by and through its attorneys of record, Montgomery Amatuzio Chase Bell Jones, L.L.P., and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  As grounds, Waste Connections states as follows:

1.      On May 16, 2018, Plaintiff Jodi M. Bonser filed her First Amended Complaint and Jury Demand ("Amended Complaint") against Waste Connections in the District Court for El Paso County, State of Colorado.  *See* **Ex. A**, Amended Complaint.  The Amended Complaint asserts that Plaintiff was involved in a motor vehicle accident with Stephen Vallejos in Colorado Springs, Colorado on March 27, 2015.  *Id.*, ¶¶ 6-8.  Plaintiff claims that Mr. Vallejos was an agent and/or an employee of Waste Connections acting within the course and scope of his agency or employment at the time of the accident.  *Id.*, ¶ 13.  As the result thereof, Plaintiff avers that she "suffered injuries, damages and losses, including, but not limited to injuries to her neck,

1

back, and left shoulder."   *Id.*, ¶ 9.  Specifically, Plaintiff seeks to recover for "economic

damages, including but not limited to, past and future medical expenses, past and future lost

wages, and out of pocket expenses; non-economic damages, including but not limited to, pain

and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress;

damages for permanent physical impairment and disfigurement; all other compensatory damages

caused by Defendant's actions, to be proven at trial; pre-judgment and post-judgment interest as

provided by law; attorney fees, costs and expenses of this action as provided for by law; and for

such other and further relief as the Court deems just and proper."  *Id.*, Prayer for Relief.

2.      Plaintiff brings claims against Waste Connections for negligent entrustment,

negligent training, negligent supervision, negligent hiring and respondeat superior.  *Id.*, ¶¶ 19-47.

The Civil Case Cover Sheet, filed with the Amended Complaint, indicates that Plaintiff seeks

damages in excess of $100,000, excluding interest and costs.  *See* **Ex. B** at p. 2, Civil Case Cover

Sheet.

3.      Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over civil actions

between citizens of different states, provided the amount in controversy exceeds the sum of

$75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  "A defendant seeking to

remove a case from state to federal court must file in the federal forum a notice of removal

'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin*

*Operating Co., LLC v. Owens*, 135 S.Ct. 547, 549 (2014) (*quoting* 28 U.S.C. § 1446(a)).

4.      The diversity requirement of § 1332(a) is satisfied here as the parties are

completely diverse.  Plaintiff is a Colorado citizen, residing in Yoder, Colorado.  Ex. A at ¶ 1

and page six indicating her address.  Defendant Waste Connections of Colorado, Inc. is a

Delaware corporation with its principal place of business in the State of Texas.  *See* **Ex. C**, Colorado Secretary of State Corporate Summary and Ex. A at ¶ 2.

5.      While the Amended Complaint is silent as to the precise nature and extent of Plaintiff's injuries and damages, the Tenth Circuit Court of Appeals ruled that the Civil Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).") (citing *Henderson v. Target Stores, Inc.,* 431 F.Supp.2d 1143, 1144 (D. Colo. 2006)).  Here, the Civil Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000 is sought by Plaintiff against Waste Connections, exclusive of interests and costs.  *See* Ex. B at p. 2.  Therefore, the jurisdictional amount in controversy has been met.

6.      The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  The *Vargas* court held that the removal period begins when a "defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'"  *Vargas v. Nash-Finch Co.*, No. 10-CV-00259-CMA, 2010 WL 582135, at *1 (D. Colo. Feb. 11, 2010) (*quoting Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999)).   Waste Connections was served the

Amended Complaint on May 17, 2018.  *See* **Ex. D**, Affidavit of Service.  The thirty day deadline to effectuate removal under 28 U.S.C. § 1446(b) fell on June 16, 2018.  Pursuant to F.R.C.P. 6(a)(1)(C), the deadline to remove is stayed until June 18, 2018. Therefore, this Notice of Removal is timely.

7.      Pursuant to 28 U.S.C. § 1446(d), Waste Connections will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

8.      As required by D.C.Colo.LCivR 81.1 and § 1446(a), all papers, including a current docket sheet, filed in this matter in the District Court for El Paso County, State of Colorado, are attached to this Notice of Removal as specifically referenced exhibits or otherwise labeled as **Exhs. E - L**.  Waste Connections will also separately file each pending motion, petition, and related response, if any.

9.      Pursuant to D.C.Colo.LCivR 81.1, Waste Connections represents that no motion hearings are currently set in the state court action and no trial date has been set.

10.      By filing this Notice of Removal, Waste Connections does not waive any defenses that may be available to it.

Respectfully submitted June 18, 2018.

MONTGOMERY AMATUZIO CHASE BELL
JONES, LLP


By:     *s/ Sean P. O'Connor*
        Lori K. Bell
        Sean P. O'Connor
        4100 E. Mississippi Ave, 16th Floor
        Denver, Colorado 80246
        Phone:  303-592-6600
        Fax:  303-592-6666
        lbell@mac-legal.com
        soconnor@mac-legal.com

        ATTORNEYS FOR DEFENDANT
        WASTE CONNECTIONS OF
        COLORADO, INC.


## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018, a true and correct copy of the foregoing

**DEFENDANT'S NOTICE OF REMOVAL** was served in the manner indicated below and

addressed as follows:

*Counsel for Plaintiff Jodi M. Bonser:*
Holly B. Kammerer, Esq.
Jessica B. Prochaska, Esq.
Burg Simpson Eldredge Hersh & Jardine, PC
40 Inverness Drive East
Englewood, CO  80112
Phone:  303-792-5595
Fax:  303-708-0527
hbkammerer@burgsimpson.com
jprochaska@burgsimpson.com


☐ U.S. Mail   ☐ E-mail   ☒ ECF


                        */s/ Karen Wood*
                        [Signature on File: Karen Wood]


5