| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 S. Tejon, Colorado Springs, CO 80901<br><br>**PLAINTIFF:**<br>**JODI M. BONSER**<br><br>v.<br><br>**DEFENDANTS:**<br>**STEPHEN VALLEJOS AND WASTE CONNECTIONS OF COLORADO, INC.** | DATE FILED: March 23, 2018 2:37 PM<br>FILING ID: 4EBA9A9FA8444<br>CASE NUMBER: 2018CV30727<br><br><br><br>▲COURT USE ONLY▲ |
| **ATTORNEYS FOR PLAINTIFF:**<br>Name: Holly B. Kammerer, Reg. No. 21752<br>Jessica B. Prochaska, Reg. No. 46319<br>Address: Burg Simpson Eldredge Hersh & Jardine,<br>40 Inverness Drive East<br>Englewood, Colorado 80112<br>Phone No.: (303) 792-5595<br>Fax No.: (303) 708-0527<br>E-Mail: hbkammerer@burgsimpson.com<br>jprochaska@burgsimpson.com | Case No.<br><br>Ctrm/Div. |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Jodi M. Bonser, by and through her attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., for her Complaint and Jury Demand against Defendants Stephen Vallejos and Waste Connections of Colorado, Inc., and states, alleges, and avers as follows:

## PARTIES

1. Plaintiff Jodi M. Bonser (hereinafter "Plaintiff"), resides at 3010 Old Windmill View, Yoder, CO 81655.

2. Defendant Stephen Vallejos (hereinafter "Defendant Vallejos"), resides at 2527 Monterey Road, Colorado Springs, CO 80910.

3. Defendant Waste Connections of Colorado, Inc. (hereinafter "Defendant Waste Connections") is a Delaware Foreign Corporation with its principal place of business located at 3 Waterway Square Place, Suite 110, The Woodlands, TX 77380. Defendant Waste Connections' registered agent for service of process in Colorado is Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. Upon information and belief, at all times relevant, Defendant Stephen Vallejos was a driver for Waste Connections of Colorado, Inc.

**EXHIBIT E**

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

6. This Court has personal jurisdiction over the Defendant Waste Connections by virtue of Defendant Waste Connections' operations and presence in Colorado, by its transacting business in or directed at Colorado, by Defendant Waste Connections and Defendant Vallejos' commission of a tortious act that caused injury and damages in Colorado, and/or by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous, and systematic contacts with Colorado.

7. Venue is proper in this Court pursuant to C.R.C.P. 98(c) because the incident that gives rise to this Complaint occurred in El Paso County, Colorado.

## GENERAL ALLEGATIONS

8. On or about March 27, 2015, at approximately 4:53 p.m. Plaintiff was driving a 2009 Jeep Wrangler northbound on North Academy Boulevard, in the left hand lane of traffic.

9. At the same time and place, Defendant Vallejos was driving a commercial 2014 Mack Truck and was exiting the Citadel Crossing Shopping Center located at 700 North Academy Boulevard.

10. At the same time and place, Defendant Vallejos turned onto northbound Academy Boulevard, cutting across three lanes of traffic and collided with the front end of Plaintiff's vehicle.

11. As a result of this severe and significant impact, Plaintiff suffered injuries, damages and losses, including, but not limited to injuries to her neck, back, and left shoulder.

12. At all times relevant, Plaintiff had the right of way.

13. At all times relevant, Defendant Waste Connections owned the 2014 Mack Truck.

14. Defendant Waste Connections allowed Defendant Vallejos to use and operate its 2014 Mack Truck on March 27, 2015.

15. At all times relevant, Defendant Vallejos was an agent and/or employee of Defendant Waste Connections and acting within the course and scope of his agency or employment.

16. Weather conditions were not a factor in causing or contributing to this incident.

17. As a direct and proximate result of Defendant Waste Connections negligent entrustment of its truck to Defendant Vallejos, and Defendant Vallejos' negligent actions and inactions,

**EXHIBIT E**

Plaintiff suffered serious bodily injury and trauma including, but not limited to injuries to her neck, back, and left shoulder.

18. As a direct and proximate result of Defendant Waste Connections negligent entrustment of its truck to Defendant Vallejos, and Defendant Vallejos' negligent actions and inactions, Plaintiff has suffered economic losses and damages including, but not limited to, past and future medical expenses, past and future lost wages, and out of pocket expenses.

19. As a direct and proximate result of Defendant Waste Connections negligent entrustment of its truck to Defendant Vallejos, and Defendant Vallejos' negligent actions and inactions, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life including:

    a. Physical pain and suffering from her injuries to her neck, back, and left shoulder.

    b. Inconvenience from having to attend numerous doctors' appointments and the inconvenience of physical limitations from the pain.

    c. Emotional Distress as a result of ongoing pains and the emotional distress related to the ongoing medical expenses. In addition, the emotional distress and anxiety of seeing and hearing trucks.

    d. Impairment of her quality of life because of her neck, back, and left shoulder injuries and physical pain that restricts her daily activities.

20. As a direct and proximate result of Defendant Waste Connections negligent entrustment of its truck to Defendant Vallejos, and Defendant Vallejos' negligent actions and inactions, Plaintiff has suffered permanent physical impairment and disfigurement.

**FIRST CLAIM FOR RELIEF**
**(NEGLIGENCE – DEFENDANT VALLEJOS)**

21. Plaintiff incorporates by reference the preceding paragraphs of the Complaint.

22. Defendant Vallejos owed a duty to Plaintiff to drive the commercial Mack Truck in a reasonable and safe manner, including, but not limited to, the duty to keep a proper lookout and to pay attention to traffic, and to turn as close as practicable to the right-hand curb or edge of the roadway.

23. Defendant Vallejos breached that duty by failing to keep a proper lookout, by failing to pay attention to traffic, and by failing to turn as close as practicable to the right-hand curb or edge of the roadway.

24. Defendant Vallejos' actions, inactions, and conduct constitute negligence.

**EXHIBIT E**

25. As a direct and proximate result of Defendant Vallejos' reckless, careless, and negligent actions, Plaintiff has suffered economic and non-economic damages including, but not limited to, past and future medical expenses, lost income, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, disfigurement, and suffered permanent impairment.

## SECOND CLAIM FOR RELIEF
### (NEGLIGENCE *PER SE* – DEFENDANT VALLEJOS)

26. Plaintiff incorporates and realleges, by reference, all other paragraphs in this Complaint as if fully set forth herein.

27. At the time of the collision, Defendant Vallejos operated his vehicle in violation of applicable statutes, municipal codes, and/or ordinances, including, but not limited to, C.R.S. §§ 42-4-901(1)(a) and 42-4-1402(1).

28. C.R.S. §§ 42-4-901(1)(a) and 42-4-1402(1) were intended to protect Colorado drivers from the hazards created by unsafe and careless driving.

29. Plaintiff is a member of the class of citizens C.R.S. §§ 42-4-901(1)(a) and 42-4-1402(1), were intended to protect and he suffered the type of harm C.R.S. §§ 42-4-901(1)(a) and 42-4-1402(1), were intended to protect against.

30. Accordingly, Defendant Vallejos' conduct constitutes negligence *per se* and he is deemed to have breached the legal duty of reasonable care he owed to the Plaintiff Bonser.

31. As a direct and proximate result of Defendant Vallejos' negligent *per se* actions, Plaintiff has suffered economic and non-economic damages including, but not limited to, past and future medical expenses, lost income, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, disfigurement, and suffered permanent impairment.

## THIRD CLAIM FOR RELIEF
### (NEGLIGENT ENTRUSTMENT – DEFENDANT WASTE CONNECTIONS)

32. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

33. Defendant Waste Connections owned the truck driven by Defendant Vallejos and had control over the truck.

34. Defendant Waste Connections owed a duty to the public, including Plaintiff, to act reasonably in entrusting its truck to other people and had a duty to make certain that persons to whom it entrusted its truck would not pose an unreasonable danger to others while driving.

**EXHIBIT E**

35. Upon information and belief, Defendant Waste Connections knew or should have known that Defendant Vallejos had a history of unsafe driving, was an unsafe driver, and therefore knew or should have known he posed an unreasonable danger to the public, including Plaintiff.

36. Defendant Waste Connections was negligent in entrusting its truck to Defendant Vallejos.

37. As a direct and proximate result of Defendant Waste Connections' negligent entrustment of its truck to Defendant Vallejos, Plaintiff has suffered economic and non-economic damages including, but not limited to, past and future medical expenses, lost income, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, disfigurement, and suffered permanent impairment.

## FOURTH CLAIM FOR RELIEF
### (NEGLIGENT TRAINING – DEFENDANT WASTE CONNECTIONS)

38. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

39. At all relevant times, Defendant Vallejos was selected, and employed by Defendant Waste Connections.

40. At all relevant times, Defendant Waste Connections had the authority to train and control its employees and the details of their performance.

41. At all relevant times, Defendant Waste Connections had a duty to train its employees, including Defendant Vallejos, to ensure their performance was consistent with the standards of their profession, and in particular to operate Waste Connections' trucks in a safe manner.

42. Upon information and belief, Defendant Waste Connections failed to train Defendant Vallejos sufficiently to ensure that he was driving Waste Connections' trucks in a reasonable and safe manner.

43. As a direct and proximate result of Defendant Waste Connections negligent training of Defendant Vallejos, Plaintiff has suffered economic and non-economic damages including, but not limited to, past and future medical expenses, lost income, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, disfigurement, and suffered permanent impairment.

## FIFTH CLAIM FOR RELIEF
### (NEGLIGENT SUPERVISION – DEFENDANT WASTE CONNECTIONS)

44. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

45. At all relevant times, Defendant Vallejos was selected, hired, and employed by Defendant Waste Connections.

**EXHIBIT E**

46. At all relevant times, Defendant Waste Connections had the authority to hire, terminate, supervise, and control its employees and the details of their performance, including Defendant Vallejos.

47. At all relevant times, Defendant Waste Connections had a duty to supervise its employees, including Defendant Vallejos, to ensure his performance was consistent with the standards of his profession.

48. Upon information and belief, Defendant Waste Connections failed to supervise its truck driver, Defendant Vallejos, sufficiently to ensure that Defendant Vallejos was driving in a safe and reasonable manner.

49. As a direct and proximate result of Defendant Waste Connections' negligent supervision of Defendant Vallejos, Plaintiff has suffered economic and non-economic damages including, but not limited to, past and future medical expenses, lost income, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, disfigurement, and suffered permanent impairment.

### SIXTH CLAIM FOR RELIEF
### (NEGLIGENT HIRING – DEFENDANT WASTE CONNECTIONS)

50. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

51. At all relevant times, Defendant Vallejos was hired by Defendant Waste Connections.

52. At all relevant times, Defendant Waste Connections had the authority to control and terminate its employees.

53. At all relevant times, Defendant Waste Connections had a duty to hire employees, including Defendant Vallejos, who were able to drive Waste Connections' vehicles in a reasonable and safe manner.

54. Upon information and belief, Defendant Waste Connections failed to investigate Defendant Vallejos' driving history and capability to ensure his performance was consistent with the standards of the profession as a safe driver.

55. As a direct and proximate result of Defendant Waste Connections' negligent hiring of Defendant Vallejos, Plaintiff has suffered economic and non-economic damages including, but not limited to, past and future medical expenses, lost income, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, disfigurement, and suffered permanent impairment.

### SEVENTH CLAIM FOR RELIEF
### (RESPONDEAT SUPERIOR – DEFENDANT WASTE CONNECTIONS)

**EXHIBIT E**

56.  Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

57.  At the time of the incident, Defendant Vallejos was an agent and/or employee of Defendant Waste Connections, and was driving a Waste Connections commercial Mack truck.

58.  At the time of the incident, Defendant Vallejos was acting within the course and scope of his agency and/or employment with Defendant Waste Connections.

59.  Defendant Waste Connections is vicariously liable for the acts and omissions of its agents and employees while acting within the scope of their employment and/or agency.

60.  As a direct and proximate result of Defendant Vallejos' acts and omissions, for which Defendant Waste Connections is liable, Plaintiff has suffered economic and non-economic damages including, but not limited to, past and future medical expenses, lost income, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, disfigurement, and suffered permanent impairment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendant Stephen Vallejos and Defendant Waste Connections of Colorado, Inc. for relief as follows:

1.  Economic damages, including but not limited to, past and future medical expenses, past and future lost wages, and out of pocket expenses;

2.  Non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress;

3.  Damages for permanent physical impairment and disfigurement;

4.  All other compensatory damages caused by Defendants' actions, to be proven at trial;

5.  Pre-judgment and post-judgment interest as provided for by law;

6.  Attorney fees, costs and expenses of this action as provided for by law; and

7.  For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of six (6) on all issues so triable.

**EXHIBIT E**

Respectfully submitted this 23rd day of March, 2018.

            **BURG SIMPSON**
            **ELDREDGE HERSH & JARDINE, P.C.**
            *(Original signature on file at Burg Simpson*
            *Eldredge Hersh & Jardine, P.C.)*

            */s/ Jessica B. Prochaska*
            Holly B. Kammerer, Reg. No. 21752
            Jessica B. Prochaska, Reg. No. 46319
            40 Inverness Drive East
            Englewood, CO 80112
            *Attorneys for Plaintiff Jodi Bonser*

Plaintiff's Address:
3010 Old Windmill View
Yoder, CO 80864

**EXHIBIT E**