IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01514–KMT

JODI M. BONSER,

    Plaintiff,

v.

WASTE CONNECTIONS OF COLORADO, INC.,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Motion *in Limine* to Preclude the Defendant from Referencing or Producing Evidence Relating to any Collateral Source," filed on July 24, 2020. [("Motion"), Doc. No. 65.] Defendant has responded in opposition to the Motion, and Plaintiff has replied. [("Response"), Doc. No. 66; ("Reply"), Doc. No. 69.]

At the time the Motion was filed, trial was scheduled to begin on October 4, 2020. Unfortunately, on August 4, 2020, the trial was vacated as a result of the COVID-19 pandemic. [Doc. No. 67.] Trial has been rescheduled for June 28, 2021, with a Final Pretrial Conference and Trial Preparation Conference scheduled for May 25, 2021. [*Id.*] Therefore, questions of admissibility of evidence at trial are once again emergent.

This court first considered the issue of Plaintiff's receipt of workers' compensation benefits, after Defendant filed a Motion to Compel the workers' compensation records in

February of 2019.  [Doc. No. 32]  In preparation for a hearing on that motion, the court reviewed the briefing and was prepared to rule at the hearing, but Defendant withdrew its motion in light of recent Colorado state court rulings, with the caveat that the issue might arise again at a later date.  [*See* Doc. No. 40.]  Now, the issue is before the court again, raised this time by Plaintiff in a request to prohibit "any party, witness, or attorney from presenting any direct or indirect evidence, documents, testimony, or argument to the jury or making any intimations or statements to the jury, regarding the existence of any collateral source benefits or payments, including Plaintiff's workers' compensation, Medicaid, or any other collateral source benefits."  [Reply 3.]

This case involves a motor vehicle accident, which occurred on March 27, 2015.  [("Amended Complaint"), Doc. No. 4 at ¶ 6.]  Stephen Vallejos was driving a commercial garbage truck, owned by Waste Connections of Colorado, Inc. ("Waste Connections"), during and in the scope of his employment.  [("Amended Answer"), Doc. No. 28 at ¶ 13.]  Waste Connections admits that Stephen Vallejos caused the accident by failing to yield to oncoming traffic, and admits vicarious liability for his actions under the doctrine of *respondeat superior*.  [*Id*. at 1-2.]

Plaintiff Jodi Bonser was acting in the scope and course of her own employment with Frito Lay at the time of the accident.  Ms. Bonser was provided medical treatment and benefits through Frito Lay's workers' compensation insurance carrier, Ace American Insurance Company ("Ace American"), in the total amount of $ 248,973.03.  Plaintiff seeks to bar admission of any evidence of workers' compensation benefits paid on her behalf during trial, pursuant to Colorado's collateral source rules.

Colorado's collateral source statute provides as follows:

> In any action by any person or his legal representative to recover damages for a tort resulting in death or injury to person or property, the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount of the verdict by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained; except that the verdict shall not be reduced by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person. The court shall enter judgment on such reduced amount.

Colo. Rev. Stat. § 13-21-111.6.

Here, Defendant does not dispute that "evidence of payments made in connection with Plaintiff's worker's compensation claim is inadmissible under Colorado law." [Resp. ¶ 2]. Defendant argues that, nonetheless, there are instances where workers' compensation payments might be admissible at trial, and also that the information is admissible as a post-verdict set-off should a jury award damages to Ms. Bonser. [*Id.*]

> The Workers' Compensation Act provides:
>
> (b) The payment of compensation pursuant to articles 40 to 47 of this title shall operate as and be an assignment of the cause of action against such other person . . . to the person, association, corporation, or insurance carrier liable for the payment of such compensation. Said [payer] shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable under said articles to the injured employee . . . ."
>
> (c) The right of subrogation provided by this section shall apply to and include all compensation and all medical, hospital, dental, funeral, and other benefits and expenses to which the employee . . . [is] entitled under the provisions of said articles, . . ., or for which the employee's employer or insurance carrier is liable or has assumed liability.

Colo. Rev. Stat. § 8-41-203(1)(b) & (c) (emphasis added).

Pursuant to these provisions, an injured employee has several options with respect to damages she may claim against a third party tortfeasor for injuries incurred during the course and

3

scope of her employment. The employee may elect to receive workers' compensation benefits and choose not to sue the tortfeasor. *Tate v. Indus. Claim Appeals Office of State of Colo.*, 815 P.2d 15, 17 (Colo. 1991). This, however, does not preclude the Workers' Compensation insurance carrier, who paid for the injury to the employee, from suing the tortfeasor. *See Lebsack v. Rios*, No. 16-cv-02356-RBJ, 2017 WL 5444568, at *2 (D. Colo. Nov. 14, 2017) (Workers' Compensation insurance carrier did not wait for injured employee to sue third-party tortfeasor, but brought suit itself seeking reimbursement of the benefits it paid to, or on behalf of, the employee; issues arose when carrier settled its claim against tortfeasor for less than 100% of the paid benefits.) Under such a scenario, the workers' compensation carrier steps into the shoes of the injured plaintiff with respect to litigation against the tortfeasor. *Am. Family Mut. Ins. Co. v. DeWitt,* 218 P.3d 318, 323 (Colo. 2009).

Alternatively, the employee may elect to receive Workers' Compensation benefits and also sue the tortfeasor for damages in excess of the amount of compensation benefits for which the insurer would be liable under the workers' compensation provisions. In that circumstance, the workers' compensation insurer who has paid for medical and other services covered by Workers' Compensation becomes subrogated to the employee's rights against the tortfeasor for the amount of the insurer's Workers' Compensation liability. Both the employee and the insurer have claims against the tortfeasor, but the insurer is limited in its claim to the maximum amount in the Workers' Compensation fee schedule. *Id*. If the employee recovers from the tortfeasor, the employee must reimburse the Workers' Compensation insurer for any benefits the insurer paid. *Continental Cas. Co. v. Gate City Steel,* 650 P.2d 1336, 1338 (Colo.App.1982); *Tate,* 815 P.2d at 17.

In this case, Ace American elected to settle its claim of $ 248,973.03 with Defendant Waste Connections for an unknown amount.  [Resp., Ex. A.]  That unknown amount may be less than the lien amount of $ 248,973.03.  If it is, the case falls squarely within the ambit of *Ferrellgas, Inc. v. Yeiser*, 247 P.3d 1022, 1024 (Colo. 2011).  In *Ferrellgas*, the plaintiff contracted with Ferrellgas to deliver propane to her vacation house in Silverthorne, Colorado.  Ferrellgas failed to timely deliver the propane and, as a result, the house's pipes froze and burst, causing substantial water damage to the house.  Plaintiff carried a personal homeowners insurance policy with Farmers.  Farmers paid over $200,000.00 to repair the damage to the plaintiff's home and then later settled its lien/claim with Ferrellgas for approximately $39,000.00 less than Farmers had actually paid to its insured.  *Id.* at 1024.  The plaintiff also filed suit against Ferrellgas to recover the repair costs, diminution in value, and loss of use of the home.  The plaintiff, ultimately, was awarded over $300,000.00 by the jury against Ferrellgas.  The issue then became whether the defendant tortfeasor, Ferrellgas, who had paid approximately $170,000.00 to settle the claim with Farmers, could set-off only that amount, or whether it could set-off the amount of Farmers' actual lien, which exceeded $200,000.00.  *Id.* at 1028.  The Colorado Supreme Court determined the correct set-off amount to be the latter.

*Ferrellgas* provides guidance as to two important concepts that affect the pending Motion.  The first is the Colorado Supreme Court's admonishment against presentation of the set-off issues surrounding Ace American's payments for Plaintiff's injuries in the accident, and the ultimate settlement of the lien between Ace American and Defendant Waste Connections.  The court found that "the potential for such information to taint the jury's verdict" was present, and that therefore, the parties should not have been allowed to present any of the information to

5

the jury during the trial. *Id.* at 1026. The second concept is the *Ferrellgas* court's finding that "the collateral source doctrine, even if applicable in the context of [the plaintiff's] breach of contract claim, could not serve to bar the set-off of the full amount paid" by the original insurer. *Id.* at 1027. Therefore, the only issues with respect to this *in limine* Motion are: (1) when the information about workers' compensations payments and the workers' compensation settlement with Waste Connections can be introduced; and 2) who will make the set-off determination. The court finds that the "when" is after the verdict is rendered, and the "who" is the court.

Additionally, Defendant points to several instances where courts have allowed evidence about the payment of workers' compensation benefits at trial outside of post-verdict set-off proceedings, in an apparent attempt to characterize such cases as creating "exceptions." [*See* Resp. 2.] The court has reviewed the cases cited by Defendant, all of which are from other jurisdictions, and finds them to be limited to their own unique facts and subject to the law of the jurisdiction of the action. None of these unique instances constitute exceptions to Colorado collateral source law, and none have been recognized in Colorado state courts or in the District of Colorado. Further, Defendant has not identified any of the unique facts in this case, which gave rise to the courts' holdings in those cases. Absent any exceptional circumstances, evidence of payments made in connection with Plaintiff's workers' compensation is inadmissible at trial.

Accordingly, it is

**ORDERED** that "Plaintiff's Motion *in Limine* to Preclude the Defendant from Referencing or Producing Evidence Relating to any Collateral Source" [Doc. No. 65] is **GRANTED** during the pre-verdict portion of the case.

Dated January 28, 2021.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge